**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA CARRASQUILLO, *on behalf of herself, FLSA Collective Plaintiffs, and the Class,*<br><br>Plaintiff,<br>v.<br><br>WESTECH SECURITY AND INVESTIGATION INC,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff ANA CARRASQUILLO ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant WESTECH SECURITY AND INVESTIGATION INC ("Defendant") and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime, due to time-shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, unpaid overtime, due to time-shaving; (2) late payment of wages, (3) spread of hours premiums; (4)

1

statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

3. Defendant operates a security and private investigation company under the name "WESTECH," which provides services to both commercial and residential sites. Such sites include construction sites, schools and higher education, retail stores, grocers, and hospitality security, throughout New York, Connecticut, and Massachusetts.

3. Plaintiff, putative collective members, and putative class members are current and former of Defendant, who were victims of Defendant's schemes to underpay employees. Specifically, despite requiring employees to clock-in-and-out by phone call each day, Defendant would only compensate employees based on their schedules. Defendant's system resulted in both pre-and-post shift timeshaving.

4. Additionally, Defendant failed to compensate Plaintiff, putative collective members, and putative class members for their earned spread of hours for workdays lasting ten hours or longer.

5. Defendant also compensated all employees including Plaintiff on a biweekly (once every two weeks) basis, despite NYLL 191 requiring these employees to be compensated weekly.

6. Plaintiff brings this wage and hour class action on behalf of herself and all similarly situated employees, who during the applicable state and federal limitations periods up to and including the present (the "Class Period"), were similarly underpaid by Defendant in violation of protections afforded under the FLSA and the laws and regulations of the state of New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as Defendant maintains its New York office at 3040 East Tremont Avenue, Suite 205, Bronx, NY 10461.

## PARTIES

9. Plaintiff ANA CARRASQUILLO is a resident of Bronx County, New York.

10. Defendant WESTECH SECURITY AND INVESTIGATION INC is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 1 Civic Center Plaza, Suite 306, Poughkeepsie, NY 12601.

11. Defendant operates all the sites for which it provides security services through the same executive management team, from the same headquarters with the same policies and procedures.  Each site is engaged in related activities, share common ownership, and have a common business purpose:

   a) Employees all work under the same executive management team led by the CEO of Defendant, WILLIAM VASSELL.

   b) Defendant's sites all share financials.  Specifically, Defendant requested a single PPP loan from the government during the COVID-19 Pandemic.

   c) Defendant maintains a centralized labor relations and human resources managing employees working at any site for which they provide security services.  For instance, Defendant operates a single career page allowing interested persons to apply to positions relating to all sites at which Defendant offer services.

   d) Employees are interchangeable among Defendant's sites.  Plaintiff frequently observed Defendant frequently transfer employees to different sites during their employment.

12. At all relevant times, the work performed by Plaintiff was directly essential to the

business operated by Defendant.

13. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendant.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to security guards, patrol drivers, and site supervisors, among others, employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action,

their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to security guards, patrol drivers, and site supervisors, among others, employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, of: (i) failing to pay wages, including overtime, due to

time shaving; (ii) late payment of wages; (iii) failing to pay spread of hours premiums, (iv) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL; and (v) failing to provide proper wage statements per requirements of the NYLL.

23. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendant and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

    b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class Members;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiff and Class Members for their work;

d) Whether Defendant properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e) Whether Defendant paid Plaintiff and Class Members proper wages for all hours worked, including overtime hours;

f) Whether Defendant caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g) Whether Defendant paid Plaintiff and Class Members their lawful wages in a timely manner;

h) Whether Defendant provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL; and

i) Whether Defendant provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

*Plaintiff ANA CARRASQUILLO Claims:*

28. In or around April 2022, Plaintiff was hired by Defendant to work as a security guard. During her employment, she was stationed at 2646 2nd St., Astoria, NY 11102. Plaintiff's employment with Defendant terminated on or around December 31, 2022.

29. From the start of her employment until September 2022, Plaintiff was scheduled to work five (5) days per week for eight (8) hours, from 4:00 p.m. to 12:00 a.m.  Once per week, Plaintiff was scheduled to work a double shift of sixteen (16) hours, from 8:00 a.m. to 12:00 a.m., for a total of forty-eight (48) hours per week. From September 2022 to the end of her employment, Plaintiff was scheduled to work five (5) days per week, from 8:00 a.m. to 4:00 p.m., for a total of

forty (40) hours per week. FLSA Collective Plaintiffs and Class Members had similar work scheduled each week.

30.     At all times, Plaintiff, FLSA Collective Plaintiffs and Class Members worked hours in excess of their scheduled hours for which they were not compensated.

31.     From the start of her employment, Plaintiff was paid at a rate of sixteen dollars ($16.00) per hour. From November 2022 to the end of her employment, Plaintiff was paid at a rate of seventeen dollars ($17.00) per hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

*Plaintiff, FLSA Collective Plaintiffs and Class Members' Claims:*

32.     Defendant designed the schedule of their employees' shifts to run "back-to-back" and would only pay employees for their scheduled time despite requiring employees to clock-in-and-out. Although Defendant required employees to clock-in once beginning work and out once ending work, Defendant would not pay based on these clock-ins. In addition to not compensating employees for their actual work time, Defendant's schedules themselves fail to account for all expected hours of work. Defendant required overlap of work between security guards and their relief guards yet refuses to pay for this overlap time. Defendant designed each security guard's schedule as ending once that employee's relief guard's shift begins. Despite this schedule design, Defendant required employees to stay past their shift to (i) wait for the incoming employee to arrive on site, and (ii) then debrief the arriving employee before leaving. Defendant's policy mandated overlap work to occur on each shift, but Defendant's schedules did not account for this time. By not paying based on employees' punch records, Defendant's policy results in a windfall of retained wages for Defendant.

33. Plaintiffs, FLSA Collective Plaintiffs, and Class members, were all similarly not compensated for their actual clocked-in hours, resulting in Defendant undercompensating each employee for each shift. For Plaintiff CARRASQUILLO, who worked at least five days each week, arrived at work and began working an hour before her schedule each shift, and waited to debrief her relief guard for an additional twenty minutes after her schedule each shift, the difference between her clock-in times and her scheduled work hours resulted in her being undercompensated by six hours and forty minutes each week.

34. Throughout Plaintiff CARRASQUILLO's employment, Defendant regularly failed to pay Plaintiff CARRASQUILLO and the Class members' wages within seven (7) days of the end of the week in which Plaintiff CARRASQUILLO and the Class members earned them, in violation of NYLL § 191(1)(a)(i). Defendant would provide Plaintiff CARRASQUILLO and the Class members their wages biweekly despite the NYLL requiring employees like Plaintiff CARRASQUILLO and the Class members be compensated on a weekly basis. Therefore, Plaintiff CARRASQUILLO and the Class members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

35. Under New York Labor Law, all 'manual worker(s)' must be paid on a weekly basis. Pursuant to the New York State Department of Labor, manual workers include non-exempt employees who spend more than twenty-five percent (25%) of their working time performing physical labor. Here, all employees who worked in New York State were paid bi-weekly regardless of position or duties.

36. Further, manual workers generally include those employees, like Plaintiff CARRASQUILLO and the Class members, whose labor is easily interchangeable with other able-bodied individuals. As workers earning only slightly above minimum wage, the jobs market itself

10

demonstrates the interchangeability of Plaintiff CARRASQUILLO and the Class members. NYLL §191 was passed to protect individuals in the types of low-wage, interchangeable jobs occupied by Plaintiff CARRASQUILLO and the Class members. Plaintiff CARRASQUILLO and the Class hold positions with Defendant that are easily trained and may be easily replaced by other able-bodied workers. The ease of replacement and low-wages of Plaintiff CARRASQUILLO and the Class members make them dependent upon their weekly earnings. This dependence and lack of job security places Plaintiff CARRASQUILLO and the Class members directly in the category of workers that NYLL intended to protect by ensuring they receive their wages on a weekly basis.

37. That Plaintiff CARRASQUILLO and the Class members were engaged in easily trained, easily replaceable positions is clearly demonstrated by their earnings. At the start of her employment, Plaintiff CARRASQUILLO earned $16.00 an hour, a figure lower than the average individual employed in New York State as a janitor, pest control worker, tree trimmer, lawn supervisor, or waiter.[1] Employees in those positions in New York State earned over $19.00 an hour on average. The jobs market itself demonstrates that Plaintiff CARRASQUILLO and the Class members, who worked in New York City for $17.00 an hour, was not employed in a highly skilled position. Given the low-wages of the Plaintiff CARRASQUILLO and the Class members and realities of the Class's daily work, Class members must be afforded the protections provided under NYLL §191.

38. Due to Defendant's improper, untimely bi-weekly payments, Plaintiff CARRASQUILLO would struggle to timely pay her own bills. Plaintiff CARRASQUILLO would be forced to pay bills late as she waited for her owed compensation to become available. Class

---

[1] https://www.bls.gov/oes/current/oes370000.htm; https://www.bls.gov/oes/current/oes353031.htm#st.

11

members would similarly struggle to timely pay debts due to Defendant's untimely compensation policies.

39. Plaintiff CARRASQUILLO often worked shifts which would last over ten hours. However, Plaintiff CARRASQUILLO was never compensated with spread of hours premium for the days she worked in excess of ten (10) hours, such as with a double shift. Similarly, Class members were not compensated with their spread of hours premiums when working shifts of more than ten (10) hours.

40. Defendant failed to provide Plaintiff CARRASQUILLO and the Class members with proper wage statements because they failed to accurately reflect the employees' hours worked, due to Defendant's policy of time shaving.

41. Defendant failed to provide Plaintiff CARRASQUILLO and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of NYLL.

42. In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant's failure to provide such notices trivializes the importance of these notices in protecting Plaintiff CARRASQUILLO's interest in ensuring proper pay. Despite Defendant's conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices and wage statements function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices

necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

43. Here, Defendant's failure goes beyond generating a risk of harm to Plaintiff CARRASQUILLO and Class members. Defendant's conduct actually harmed Plaintiff CARRASQUILLO and Class members. Defendant's failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates and the failure to provide a wage notice properly listing the rate and frequency Plaintiff CARRASQUILLO and Class members were entitled to get paid, deprived employees of the ability to contest Defendant's calculations, allowed Defendant to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff CARRASQUILLO and Class members' rights. This conduct ensured Defendant's ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendant's failure to provide wage notices allowed Defendant to hide the proper frequency of pay to employees. Defendant's failure to provide a wage notice to employees allowed Defendant to hide their responsibility and deprive employees of timely compensation.

44. Due to Defendant's failure to provide legally mandated notices such as earning statements and wage notices, Defendant was able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff CARRASQUILLO and the Class members. This delayed payment caused Plaintiff CARRASQUILLO to struggle to timely pay bills. Class members similarly struggle to timely pay debts due to Defendant's continued attempts to hide wrongdoing from employees.

45. Defendant knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and the Class regular and overtime wages for all hours worked due to Defendant's time-shaving practices.

46. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendant failed to pay them the proper overtime premium rate of one-and-half times of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of FLSA and State wage laws.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

52. At all relevant times, Defendant had a policy and practice of failing to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked due to time shaving, in violation of the FLSA.

53. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime hours, when Defendant knew or should have known such was due to Defendant's policy of time shaving.

55. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

58. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

59. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

60. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

61. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Class Members all wages, including overtime, due to timeshaving, in violation of the NYLL.

62. Defendant willfully violated the rights of Plaintiff's and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek due to time shaving.

63. Defendant willfully violated Plaintiff and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

64. Defendant knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

65. Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendant provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

66. Due to the Defendant's NYLL violations, Plaintiff and Class Members are entitled to recover from Defendant their unpaid wages, including overtime, due to time shaving; damages

for unreasonably delayed payments; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time shaving under the FLSA and the NYLL;

d. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

e. An award of statutory penalties as a result of Defendant's failure to comply with wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wages, including overtime compensation, pursuant to the FLSA and the NYLL;

g. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    h.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

    i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

    j.  Designation of Plaintiff as Representative of the Class; and

    k.  Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 12, 2023

Respectfully submitted,
By: */s/ C.K. Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*