# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:        (212) 465-1188
                        CKLee@leelitigation.com

January 24, 2024

**Via ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Carrasquillo v. Westech Security and Investigation Inc.*
               Case No. 1:23-cv-04931

Dear Judge Vyskocil:

    We are counsel to Plaintiff in the above-referenced matter. Plaintiff writes jointly with Defendant pursuant to Local Rule 37.2 and the Court's Individual Rules and Practices § 3(D). On January 17, 2024, the parties conferred but could not resolve the below disputes.

*Plaintiff's Position*:

    As the Court is aware, on December 6, 2023, the Court denied Defendant's request to stay this case, and compelled Defendant to "produce all records relating to Plaintiff Ana Carrasquillo, including any and all time sheets and/or wage records relating to Plaintiff." *See* ECF 37. The below discovery disputes arise as Defendant has read the Court's decision as granting a Protective Order against all discovery not listed in the Court's Order, even if relevant to this action. *See* **Exhibit A**, Defense Counsel's Email to Plaintiff's Counsel.

### i.     Formal Discovery Responses

    On September 15, 2023, Plaintiff served discovery requests to Defendant. *See* **Exhibit B**, Plaintiff's Discovery Requests. Defendant refused to respond while the Court's deliberated on Defendant's Motion to Dismiss. This refusal required Plaintiff to write the Court regarding the discovery dispute, and which lead to the Court denying Defendant's request to stay the action.

    As this action is not stayed, formal responses delineating the discovery being produced, not in Defendant's possession, and/or being withheld are necessary for Plaintiff to properly evaluate Defendant's production. Moreover, identification of witnesses, such as managerial employees and payroll personnel, will allow Plaintiff to submit notices for deposition and give insight as to the scope of employees subject to similar payroll management.

### ii.     Depositions

    Plaintiff has sought to depose Plaintiff's supervisors, Defendant's 30(b)(6) witness(es), and those individuals identified in Defendant's initial disclosures. As stated above, because the Court did not specifically compel depositions in the Court's December 6, 2023, Order, Defendant adopts the position that there exists an unstated Protective Order against all other forms of discovery, including the above depositions sought by Plaintiff.

### iii.     Class Discovery

    As detailed below, Defendant's records demonstrate a failure to pay owed spread of hours premiums and the improper alleged rounding pled in the Complaint. As these violations are

observable through Defendant's timesheets and pay records, it cannot be classified as a "boilerplate and conclusory class allegations and/or conditional Fair Labor Standards Act collective allegation[,]" which the Court cautioned would not expand the scope of discovery beyond Plaintiff's individual claims.

As there are observable violations on the records, Plaintiff proposes to sample the time and pay records for 20% sampling of putative class members, which is a simple, cost-effective means to determine the scope of the violations.

**First**, Plaintiff provides incontrovertible evidence that spread of hours premiums were not paid to Plaintiff as alleged in the Complaint. As detailed in Plaintiff's Opposition to Defendants' motion to dismiss, Plaintiff was owed spread of hours payments for work performed on June 13, 2022. *See* **Exhibit C**, Plaintiff's Pay Records. On this day, Plaintiff worked 11.25 hours at a rate of $16.00 an hour, for a total of $180.00, which is less than the minimum wage for 11.25 hours of work plus an additional hour of pay owed for spread of hours premium. The minimum wage for those who worked in New York City (like Plaintiff), would equal $15.00 an hour for 11.25 hours ($168.75) plus an additional payment of one-hour at the minimum wage rate ($15.00), totaling $183.75. This demonstrable underpayment was not disputed in Defendant's Reply papers.

**Second**, Plaintiff alleged improper rounding in her Complaint, which is buttressed by the records. Defendant claims that **Exhibit D** contains Plaintiff's supposed punch records. *See* **Exhibit E**, Defense Counsel's Email Stating Exhibit D Contains Punch Records. However, even a cursory review shows that these pre-rounded times cannot be punch records, but instead are time records pre-altered for purposes of engaging in payroll. As Defendant does not have, or failed to produce, punch records, Plaintiff's allegations of rounding must be taken as true.

Moreover, Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for putative class members] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate….as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016); s*ee also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied.").

### iv.   E-Discovery

Plaintiff seeks also responses to her e-discovery requests. Under the Sedona Conference Protocols, upon a party's receipt of e-discovery requests, the producing party is to generate a search term report adhering to the requesting party's search terms and custodians. Such a "hit report" is necessary to allow parties and the Court to properly analyze the scope of the requested discovery. *See* THE SEDONA CONFERENCE, *Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, at 26–27 (September 2016). Defendant refuses to run any term searches for any set of custodians.

### v.   Contact Information

Plaintiff seeks identification of employees, who are all witnesses to the allegations in the complaint, who worked at the same locations as Plaintiff during the time of Plaintiff's employment. These individuals are all witnesses to Plaintiff's allegations.

*DEFENDANT'S POSITION*:

As an initial matter, the parties appeared before the Court for a conference on December 6, 2023 (the "**Conference**") at which time Plaintiff was seeking full discovery pending a determination by the Court on the motion to dismiss, dated October 19, 2023 (the "**Motion**") which seeks to dismiss the Amended Complaint, dated September 5, 2023 (the "**Amended Complaint**"). At the Conference, the Court expressed concerns about the merits of the Amended Complaint and emphasized its intent to prioritize the Motion given its potential impact on the Court's jurisdiction. Thereafter, the Court issued an Order dated December 6, 2023 (the "**Order**"). The Order provides as follows:

> Accordingly, the Court ordered that Defendant provide Plaintiff with its Rule 26 initial disclosures on or before December 13, 2023. The Court further ordered that Defendant produce all records relating to Plaintiff Ana Carrasquillo, including any and all time sheets and/or wage records relating to Plaintiff, by December 20, 2023. The Court also cautioned Plaintiff that preemptively pleading boilerplate and conclusory class allegations and/or conditional Fair Labor Standards Act collective allegations would not permit Plaintiff to expand the universe of discovery. The Court advised Plaintiff's counsel that if Plaintiff wished to move for class certification and/or conditional collective certification, she should request a pre-motion conference with the Court (pursuant to Individual Rule of Practice in Civil Cases 4.A). Failure to comply with the deadlines in this Order and any other Orders in this case, the Local Rules, or the Court's Individual Rules of Practice may result in sanctions, including monetary penalties, preclusion at trial of information not provided, or preclusion and/or dismissal of claims or defenses. SO ORDERED.

*See* Dkt No. 37. In accordance with the Order, Defendant served its Rule 26 Initial Disclosures on December 13, 2023, and produced all responsive documents relating to Plaintiff on December 20, 2023. Notably, the Order imposed no further discovery obligations on Defendant, nor did it permit Plaintiff to seek any additional discovery.

Despite the Order and Defendant's production of all documents relating to Plaintiff as directed by the Court, Plaintiff now seeks to expand the scope of discovery, which would include the contact information of all potential class members. As set forth below, due to the pending Motion and Defendant's full compliance with the Order, Defendant asserts that no further discovery should be permitted until there is a decision on the Motion.

At this juncture, Plaintiff offers no justification for additional discovery at this time. First, the legal authorities cited by Plaintiff in "support" of her position do not relate to a pending motion to dismiss that is potentially dispositive. For example, Plaintiff cites to *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) which involved a pending motion for conditional collective action certification that was granted by the court. Moreover, in *Benavides,*

3

the court expressly held that the plaintiff "is not entitled to production of contact information for the putative class members at this time because she has made no showing that communication with individual members of the putative class is necessary to support her assertions under Rule 23." *Id*. The same is true for *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016) and *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982), as they are unrelated to a motion to dismiss and are not relevant to the present case.

Second, courts in the Second Circuit have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006). Here, Plaintiff's requests for discovery, which include interrogatories, forty-one (41) separate document demands and depositions, primarily aim to obtain additional names and contact information for potential class members. This pursuit is not appropriate, especially based on the Amended Complaint, which Defendant has asserted is based on nothing more than boilerplate and conclusory class allegations.[1]

Finally, the Motion includes substantial arguments for dismissal and is potentially dispositive of this action since it seeks dismissal of Plaintiff's claim pursuant to the Fair Labor Standards Act ("**FLSA**"), which forms the basis for jurisdiction in this Court. In this letter, Plaintiff focuses on a single New York State law claim related to the spread of hours premiums to divert the Court's attention from the fundamental threshold issues and serves as an improper sur reply to the Motion. Notably, Plaintiff presents no substantive arguments regarding the FLSA claim -- and it cannot since the FLSA claim is not pled properly and is based on allegations that are simply implausible.

Considering the preliminary stage of this action, the pending Motion, which, if granted, could remove jurisdiction of this Court, and Plaintiff's failure to provide any relevant justification as to why additional discovery is necessary at this time, Defendant asserts that a decision on the Motion is appropriate prior to Plaintiff proceeding with any further discovery.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ C.K. Lee*  
C.K. Lee, Esq.

*/s/ Joseph Cervini*  
Joseph Cervini, Esq.

---

[1] Plaintiff also makes a request for twenty (20) percent of time and pay records relating to a single New York State law claim. However, such "limited discovery" while the Motion is pending is inappropriate and exposes Plaintiff to additional contact information of potential class members, which is improper at this stage of the litigation.

4