**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA CARRASQUILLO, *on behalf of herself, Nationwide FLSA Collective Plaintiffs, and the Class*<br><br>Plaintiff,<br><br>v.<br><br>WESTECH SECURITY AND INVESTIGATION INC.,<br><br>Defendants. | Case No.: 1:23-cv-04931<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Plaintiff, through the undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propound the attached Interrogatories to the Defendant, WESTECH SECURITY AND INVESTIGATION INC., and request that the Defendant answer them in writing, under oath, within 30 days of the day of service. Each interrogatory is addressed to the personal knowledge of Defendant, their counsel, representatives, directors, officers, employees, investigators, and experts.

The interrogatories are continuing in nature and Defendant are requested to provide by way of supplemental answers hereto such additional information as may hereafter be obtained by Defendant or by any person acting on Defendant's behalf including their counsel. Any such supplementary responses are to be served upon counsel for Plaintiff within 30 days after receipt of the information, but not later than the time of trial.

The definitions and rules of construction of Local Civil Rule 26.3 are adopted herein.

**INTERROGATORIES**

1. List the names, addresses, emails and telephone numbers of all non-exempt persons (including, but not limited to, security guards, patrol drivers, and site supervisors) employed by

1

Defendant on or after the date that is six (6) years before the filing of the Complaint ("Covered Employees").

2. Please identify all persons who are, or have been, managers or assistant managers of Defendant where Plaintiff performed work. Please include in your identification the manager's or assistant manager's location of employment, name, address, email, and telephone number.

3. Please identify all current and former managers or assistant managers, categorized by location, of Covered Employees.

4. Please identify all persons who are, or have been employees, who were employed at the locations where Plaintiff performed work and whose employment period overlapped with that of Plaintiff. Please include in your identification the Covered Employee's location of employment, name, address, email, and telephone number.

5. Please identify all current and former human resources personnel who set employment policies for Plaintiff. Please include in your identification the human resources personnel's location of employment, name, address, email, and telephone number.

6. Please identify all persons responsible for creating policies and procedures related to all pre-shift duties, post-shift responsibilities, and handover/relief briefings. Please include in your identification the human resources personnel's location of employment, name, address, email, and telephone number.

7. Please identify all current and former payroll personnel who administer and/or manage the payroll for Plaintiff. Please include in your identification the payroll personnel's location of employment, name, address, email, and telephone number.

8. Please identify all current and former payroll personnel who administer and/or manage the payroll for Covered Employees. Please include in your identification the payroll personnel's location of employment, name, address, email, and telephone number.

9. Please provide names and contact information of the main contact person of each of the following types of vendors: accountants, payroll services providers, time keeping system services, and pay auditing companies or firms.

10. Please provide the names, addresses and telephone numbers of all individuals who were or currently are shareholders, equity owners, managers, directors or supervisors of WESTECH SECURITY AND INVESTIGATION INC.

11. Please list and describe all documents and spreadsheets that contain the name, title, employment period, compensation rate and weekly work schedules of Plaintiff and Covered Employees that Defendant have employed during the last six years.

12. Please identify any employees other than Plaintiff who either left your employment voluntarily or were terminated in the past six (6) years.

13.    Please identify any and all disabled persons, incapable of performing manual labor, employed as security guards.

14.    Identify each person who materially participated in preparing and responding to these Interrogatory Requests.

15.    Please identify each person who materially participated in preparing Defendant's response to, and identifying documents to be produced for, Plaintiff's First Request for Production of Documents.

Dated: New York, New York         By:    */s/ C.K. Lee*
       September 15, 2023                       C.K Lee, Esq.
                                                                 Lee Litigation Group, PLLC
                                                                 C.K. Lee (CL 4086)
                                                                  148 W. 24th Street, 8th Floor
                                                                  New York, New York 10011
                                                                  Tel: (212) 465-1188
                                                                  Fax: (212) 465-1181
                                                                 *Attorneys for Plaintiffs,*
                                                                *FLSA Collective Plaintiffs*
                                                                *and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA CARRASQUILLO, *on behalf of herself, Nationwide FLSA Collective Plaintiffs, and the Class*<br><br>Plaintiff,<br><br>v.<br><br>WESTECH SECURITY AND INVESTIGATION INC.,<br><br>Defendants. | Case No.: 1:23-cv-04931<br><br>**PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS**

The Plaintiff, through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propound the attached First Request for Production of Documents to the Defendant, WESTECH SECURITY AND INVESTIGATION INC., to produce for inspection and copying by counsel for Plaintiff each document described herein. The documents requested should be produced by first class mail or hand delivery to Lee Litigation Group, PLLC, 148 W 24th Street 8th Floor, New York, New York 10011, no later than 30 days after the date of service.

The definitions and rules of construction of Local Civil Rule 26.3 are adopted herein.

**ITEMS REQUESTED**

1.  All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or <u>electronically stored material</u>[1] referencing Plaintiffs and all non-exempt persons, including, but not limited to security guards, patrol drivers, and site supervisors, among others, employed by Defendant on or after a date that is six years before the filing of the Complaint ("Covered Employees"), their wage, salary, spread of hours pay, rate and method of pay, hours worked, job duties, shift changes, travel responsibilities, uniform requirements, required tools, reimbursements, general work policies they were to follow, arrival/departure from work, breaks taken, or any matters concerning their employment with the Defendant.

---

[1] For purposes of this document request, electronic materials include all data in work computers, personal computers, PDA or Blackberries.

1

2. Any and all employee handbooks, memorandum, or other written materials provided to Plaintiff and Covered Employees within the past six (6) years which detail job titles, responsibilities, wage, employment, or general policies of the Defendant.

3. Any and all employee handbooks, memorandum, or written instructions to Plaintiff or any Covered Employees regarding any instructions, requirement, guideline related to employees' "turn-over" duties, pre/post shift duties, employees responsibilities to stay at their post, and any debriefing duties.

4. Any and all employee handbooks, memorandum, or written instructions to Plaintiff or any Covered Employees regarding any instructions, requirements, and/or guidelines for when employees are permitted to leave their assigned posts.

5. All documents listing, relating, or referencing job duties or physical requirements for working as a Covered Employee.

6. All job descriptions, including those found in any job advertisements published in the past six (6) years, for Covered Employees.

7. Any written or electronically stored documents or records of any kind detailing duties or responsibilities of Plaintiff and Covered Employees.

8. For the past six (6) year, all documents referencing or relating to Defendant's procedures for employees clocking in and out from work.

9. For the past six (6) year, all documents referencing or relating to Defendant's procedures of compensating employees.

10. For the past six (6) years, any document(s) referencing settlements made with any person(s) who filed a claim against Defendant which alleged violations of the Fair Labor Standards Act, and the New York Labor Law.

11. For the past six (6) years, all documents listing, referring to or identifying managers or assistant managers of Covered Employees in New York State.

12. For the past six (6) years, all documents, papers, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing Defendant's compliance or non-compliance with the Fair Labor Standards Act and the New York Labor Law.

13. For the past six (6) years, all documents relating to litigation with current or former employees of the Defendant.

14. For the past six (6) years, all documents relating to taxes deducted from employee wages.

15. For the past six (6) years, all documents relating to taxes deducted from employee reimbursements.

16. For the past six (6) years, all W-2 tax statements provided to Plaintiff and Class Members.

17. For the past six (6) years, all documents related to late payment of wages by Defendant to Plaintiff and Covered Employees.

18. For the past six (6) years, all documents that contain information on whether Defendant, or any of their affiliates, have ever been contacted, sued, investigated, reprimanded, fined, or penalized in any way by any person, corporation, or government agency with respect to the matters involving allegations of the non-payment of employee wages.

19. For the past six (6) years, all documents that informed the procedures and methods by which Defendant record the time and/or hours worked by Plaintiff and Covered Employees.

20. For the past six (6) years, all financial statements, written or electronic, including income statements, balance sheets and cashflow statements.

21. (a) For the past six (6) years, all tax filings by the Defendant made to any municipality, city, state or the federal government on behalf of Plaintiff and Covered Employees.

    (b) For the past six (6) years, all other tax filings by the Defendant made to any municipality, city, state or the federal government.

22. For the past six (6) years, all files, written or electronic (including spreadsheets, databases, telephone logs, contact directory or information, internet usage files, calendars), used or kept by Defendant's officials, managers and supervisors related to Plaintiff and Covered Employees.

23. For the past six (6) years, all human resource files regarding complaints or investigations relating to Plaintiff and Covered Employees, including any files related to EEOC or other government agency charges, union grievances and internal complaints.

24. For the past six (6) years, any other payroll files and/or data, benefits file and/or data, time records or any other work schedules of Plaintiff and Covered Employees not covered by the foregoing.

25. For the past six (6) years, all documents relating to payments or other transactions between Plaintiff, Covered Employees and Defendant, not covered by the foregoing, including fines, loans and all other payments.

26. All corporate documents (including organization charts, shareholder ledgers) of Defendant WESTECH SECURITY AND INVESTIGATION INC. and their parent or

subsidiary companies.

27.     All corporate documents (shareholder agreements, board minutes, incorporation documents, board resolutions and licenses) of Defendant WESTECH SECURITY AND INVESTIGATION INC. and their parent or subsidiary companies.

28.     All documents notifying Plaintiff and Covered Employees of initial and annual wage and hour notices required under the New York Labor Law.

29.     All loans, leases and credit lines established or entered into by Defendant.

30.     All leases entered into by Defendant in respect of real property.

31.     All documents relating to or referencing Defendant's policies, reimbursements, or employee complaints, with respect to wages.

32.     All vendor contracts entered into by Defendant (accountants, payroll services providers, time keeping system services, and pay auditing companies or firms., etc.).

33.     For the past six (6) years, any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of Defendant, including but not limited to:

   (a) employee discipline policies, including but not limited to, counseling, written warnings, suspension, demotion, and termination policies;
   (b) retaliation policies; and
   (c) internal complaint or grievance procedures.

34.     The complete personnel file of Plaintiff, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time.

35.     Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's termination and/or communications with Plaintiff from the beginning of their employment through the present.

36.     Copies of all emails and text messages, in original meta data format, with custodians to be of the Defendant, each human resource personnel and witnesses listed by Defendant in their Initial Disclosures, with the following search terms:

   (First and last name of the Plaintiff, searched individually)
   (check)
   ("Fair Labor Standards Act")
   (FLSA)
   (late)
   ("New York Labor Law")
   (NYLL)

4

    ("not paid")
    ("not pay")
    (notice)
    (overtime)
    (OT)
    (pay*)
    (premium*)
    (spread)
    (termina*)
    (unpaid)
    (wage*)
    (aggregate)
    (neutral)
    (rounding)
    (relief w/5 guard)
    (stay w/5 late)
    (stay w/5 shift)
    (physical)
    (manual)
    (lift)
    (able bodied)
    (disabled)
    (accommodate)

37. To the extent not otherwise provided, all documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories, served herewith.

38. Documents and records relating to all handover polices, all pre-shift responsibilities, all start of shift duties, and all end of shift responsibilities.

39. All training materials, including documents provided to Covered Employees.

40. All documents referenced or relied upon in responding to Plaintiff's Interrogatory Requests.

41. To the extent not otherwise provided, all documents concerning this litigation.

Dated: New York, New York      By:    */s/ C.K. Lee*
    September 15, 2023                  C.K Lee, Esq.
                                                   Lee Litigation Group, PLLC
                                                   C.K. Lee (CL 4086)
                                                   148 W. 24th Street, 8th Floor
                                                   New York, New York 10011
                                                   Tel: (212) 465-1188
                                                   Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA CARRASQUILLO, *on behalf of herself, Nationwide FLSA Collective Plaintiffs, and the Class*<br><br>                    Plaintiff,<br><br>           v.<br><br>WESTECH SECURITY AND INVESTIGATION INC.,<br><br>                    Defendants. | Case No.: 1:23-cv-04931 |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition upon oral examination of a witness or witnesses that WESTECH SECURITY AND INVESTIGATION INC. ("Defendant"), designate as a corporate representative(s) before an officer authorized by law to administer oaths, at the law offices of Lee Litigation Group, PLLC, 148 W. 24th Street, 8th Floor New York, New York 10011 on October 24, 2023 at 10:00 A.M. EST or any adjourned date thereof, and continuing from day to day until completion. The deposition testimony will be recorded by stenographic means.

Unless otherwise stated, the time period of the inquiry is limited to June 12, 2017 through to the present. The areas of inquiry of Defendant's corporate representative(s) will be as follows:

  I.   Defendant's compensation and payroll policies and practices with respect to Plaintiffs and all non-exempt employees, including but not limited security guards, patrol drivers and site supervisors, employed by Defendant on or after June 12, 2017 ("Covered Employees");

  II.  Defendant's systems of recording and tracking compensation for Plaintiff and Covered Employees;

1

III. Defendant's systems of recording and tracking hours worked by Plaintiff and Covered Employees;

IV. Defendant's efforts to comply with state and federal employment laws;

V. Defendant's efforts to withhold taxes from all of Plaintiff's and Covered Employees' earnings and to provide Plaintiff and Covered Employees with accurate W-2 tax statements;

VI. Defendant's methods and procedures of training employees;

VII. Defendant's methods, systems, and records of tracking and paying spread of hours premiums;

VIII. Defendant's methods, systems, and records of tracking and paying Plaintiff and Covered Employees overtime premiums;

IX. Defendant's methods, systems, and records of tracking and reimbursing Plaintiffs and Covered Employees for expenses;

X. Defendant's corporate structure, including the corporate structure of Defendants' businesses and affiliated entities;

XI. Defendant's policies and practices related to pre-shift and post-shift handover duties for Plaintiff and Covered Employees;

XII. Identities of all corporate officers and equity owners of Defendants (including all shareholders, members, partners, directors or executive officers);

XIII. Loans, leases and credit lines established by Defendant in respect of their businesses;

XIV. Vendor contracts or relationships with vendors generally by Defendant (including accountants, banks, payroll services providers, uniform providers, marketing consultants, printers, etc.);

XV. Plaintiff and Covered Employees' job duties and responsibilities.

XVI. Accommodation requests and rejections for Covered Employees with a physical disability.

XVII. Wage Statements and Wage and Hour Notices provided to Plaintiff and Covered Employees;

XVIII. Plaintiff's and Covered Employees' employee file; and

XIX. Work schedule of Plaintiff and Covered Employees and their rates of pay.

Dated: New York, New York  By:  */s/ C.K. Lee*
   September 15, 2023     C.K Lee, Esq.
                Lee Litigation Group, PLLC
                C.K. Lee (CL 4086)
                148 W. 24th Street, 8th Floor
                New York, New York 10011
                Tel: (212) 465-1188
                Fax: (212) 465-1181
                *Attorneys for Plaintiff,*
                *FLSA Collective Plaintiffs*
                *and the Class*