# CERVINI LAW GROUP PLLC

### COUNSELORS AT LAW

475 PARK AVENUE SOUTH  
18TH FLOOR  
NEW YORK, NEW YORK 10016

917.304.9231  
JCERVIN@CERVINILAWGROUP.COM

March 21, 2024

**Via ECF**
Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      **Re:** *Ana Carrasquillo, on behalf of herself, FLSA Collective Plaintiffs, and the Class, v. Westech Security and Investigation, Inc.*
           **Case No. 1:23-cv-04931**

Dear Judge Vyskocil:

      Cervini Law Group PLLC represents defendant Westech Security and Investigation, Inc. ("**Defendant**") in the referenced action, filed by plaintiff Ana Carrasquillo, on behalf of herself, FLSA Collective Plaintiffs, and the Class ("**Plaintiff**"). We write in response to Plaintiff's letter motion, dated March 18, 2024, requesting a pre-motion conference regarding Plaintiff's anticipated motion for conditional collective certification (the "**Letter Motion**"). *ECF* No. 45.

      As an initial matter, Defendant's pending motion to dismiss, dated October 19, 2023 (the "**Motion**"), which seeks to dismiss the Amended Complaint, dated September 5, 2023 (the "**Amended Complaint**"), is potentially dispositive of this entire action since it seeks dismissal of the Fair Labor Standards Act ("**FLSA**") claim, which constitutes the sole basis for federal question jurisdiction in this Court. Defendant respectfully asserts that the Court should have the opportunity to address the pending Motion before proceeding with a motion for class certification. Such a result is analogous to the decision of Judge Katherine Polk Failla in *Aliyeva v. Diamond Braces, et al*, a case filed by Lee Litigation Group, PLLC, which is based on a similar factual scenario in which Judge Failla stated, in relevant part:

> This motion [to dismiss] is not yet fully briefed ..., and if granted would obviate the need for the motion for conditional collective certification and any briefing attendant to it. As such, the Court

> believes that the most prudent course in this case is for the parties to wait to brief the conditional certification motion until after the Court resolves the pending motion to dismiss. Accordingly, the Court DENIES without prejudice Plaintiffs' motion for conditional collective certification.

*Aliyeva v. Diamond Braces, et al.,* No. 2022-cv-04575 (KPF), at Dkt. No. 82 (S.D.N.Y. 2024*)*.[1] Similarly, the Motion, if granted, would obviate the necessity of the motion for conditional collective certification and its associated briefing.

With respect to Plaintiff's assertions in the Letter Motion regarding the FLSA claim, Plaintiff continues to repeat the same arguments raised in the Motion. For example, Plaintiff again alleges in the Letter Motion that she received improper compensation in accordance with her "clock-in-and-out" times and asserts that Defendant failed to pay Plaintiff based on her "punch records." However, the wage statements and the time records, which Plaintiff relies upon in the Amended Complaint, conclusively demonstrate that Plaintiff is not only mistaken, but also that her allegations are implausible. More specifically, despite Plaintiff's insistence that she was "only" paid based on her "scheduled" time, the actual timesheets reveal that she was compensated based on her "clock-in-and-outs," with Plaintiff receiving overtime pay, <u>in her favor</u>, for 68.7% of the time.

Moreover, in addition to the contradictions evident in Plaintiff's wage statements and time records, Plaintiff's **own** allegations in support of the FLSA claim in the Letter Motion are directly contradicted by her allegations in the Amended Complaint. For example, in the Amended Complaint, Plaintiff alleges that she "began working an hour before her schedule each shift, and waited to debrief her relief guard for an additional twenty minutes after her schedule each shift." *ECF* No. 16, ¶ 33. However, in the Letter Motion, Plaintiff now claims that she merely "**recalls**" working hours beyond those officially recorded by Defendant[2]. Despite previously providing precise details of hours and minutes in the Amended Complaint (i.e. that she was undercompensated by six hours and forty minutes each week), she now asserts only a mere recollection. Plaintiff's apparent departure from her allegations in the Amended Complaint raise significant doubts about the merits of her claims.

Notably, the issues raised by Plaintiff in the Letter Motion are already set forth in the Motion for the Court's consideration, including her implausible allegations that all employees of Defendant are similarly situated and subject to the same unlawful policies. Plaintiff has failed to properly allege her own direct claims and cannot possibly allege that any other employee of Defendant is somehow similarly situated to her.

---

[1] It should also be noted that the court in *Aliyeva v. Diamond Braces, et al* granted a motion to dismiss an FLSA claim filed by one of the parties.

[2] Moreover, while the Amended Complaint indicates that Plaintiff worked an "additional twenty minutes after her schedule each shift," she now asserts in the Letter Motion that she was required to stay "for at least five (5) minutes beyond her shift." Again, these inconsistencies serve to raise additional questions regarding the plausibility of Plaintiff's allegations.

      Similar to the decision in *Aliyeva v. Diamond Braces et al.,* Defendant respectfully asserts that a motion for conditional collective certification should be addressed only after the determination by the Court on the Motion.

      We thank the Court for its consideration.

      Sincerely,

**CERVINI LAW GROUP PLLC**

By: *Joseph P. Cervini, Jr.*
      Joseph P. Cervini, Jr.

3