# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

**Via ECF**  January 30, 2025

Honorable Mary Kay Vyskocil
United States District Court, S.D.N.Y.
500 Pearl St.
New York, NY 10007

Re:   *Carrasquillo v. Westech Security and Investigation Inc.*
Case No. 1:23-cv-4931-MKV

Dear Judge Vyskocil:

We are counsel to Plaintiff in the above-referenced case. We write in response to the Court's January 29, 2025, Order and to request that Plaintiff's October 18, 2024, motion for conditional collective certification [ECF 64-67], which was referred to Magistrate Valarie Figueredo on October 22, 2024, be granted as unopposed and that Defendant be Ordered to produce the contact information for the collective class by February 18, 2025.

Plaintiff filed her motion for conditional collective certification on October 18, 2024. On October 28, 2024, Your Honor granted Defendant's prior counsel's motion to withdraw from the action. Within the same Order, Defendant was instructed that a corporation could not appear pro se and that it required substitute counsel. The Court, after multiple extensions requested by William Vassell, President of the Westech Defendant, granted Defendant from October 18, 2024, until January 27, 2025, to retain new counsel.

As Defendant has failed to retain counsel and is in default, Plaintiff requests that her pending request for conditional collective certification be granted as unopposed. Plaintiff and the Court are in touch with Mr. Vassell, President of Westech, and may obtain from him and his office contact information for the collective class for purposes of notice. Plaintiff requests that Defendant be Ordered to produce the contact information for the collective class on or before February 18, 2025.

As Plaintiff has never ceased prosecuting her case on behalf of herself, the putative class, and the collective, dismissal for failure to prosecute would be inappropriate. As to next steps, Plaintiff suggests that after notices are distributed to the collective class and the opt-in period ends, Plaintiff will know the full scope of the collective. After the collective class is established, Plaintiff will provide an update to the Court regarding her intent to engage in the following: (i) Plaintiff (and any opt-in Plaintiffs) may move for default judgment individually, (ii) Plaintiff (and any opt-in Plaintiffs) may move for certification of a Rule 23 class and default judgment, and/or (iii) Plaintiff may seek additional discovery prior to further motion practice to the extent appropriate at that time. *See Martie v. M&M Bedding, LLC*, 2020 U.S. Dist. LEXIS 87126, at *1 (M.D. Fla. May 18, 2020) (granting a plaintiff leave to serve discovery on a defaulted defendant and third parties to discern the identity of the putative class members and the amount of damages in advance of seeking class certification and a default judgment); *Leo v. Classmoney.net*, 2019 U.S. Dist. LEXIS 230923, at *2 (S.D. Fla. Jan. 10, 2019) ("It would be unjust to prevent [the p]laintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [defendant's] failure to participate in this case.").

      We thank the Court for Its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

          TO (Via mail and email):    Westech Security and Investigation Inc.
                                                         C/O William Vassell
                                                            3040 East Tremont Ave., Suite 205
                                                             Bronx, NY 10461
                                                             Email: wcvcsc@aol.com