USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CARRASQUILLO *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

                Plaintiff,

-against-

WESTECH SECURITY AND INVESTIGATION INC.,

                Defendant.

23-cv-04931 (MKV)

**ORDER TO PRODUCE AND RETAIN COUNSEL**

MARY KAY VYSKOCIL, United States District Judge:

At the beginning of June, 2025, the Court adopted Magistrate Judge Figueredo's Report and Recommendation partially granting Plaintiff's motion for Conditional Class Certification. [ECF No. 82]. In connection with that Order, on June 10, 2025, the Court approved Plaintiff's Revised Proposed Notice and Consent to Sue Forms, and authorized Plaintiff to distribute those Forms. [ECF No. 84]. Thereafter, Plaintiff moved to compel Defendant to produce the list of employees relevant to that distribution, and preemptively sought sanctions in the event "that Defendants [did] not produce the discovery by July 2." [ECF No. 85].

The Court denied the motion for sanctions without prejudice to timely renewal, and ordered production by July 2, 2025. [ECF No. 86]. The Court sternly warned Defendant that failure to comply with the Order's deadline would put it "at risk of sanctions." *Id.* (emphasis original). The Court also on multiple occasions has admonished Defendant, proceeding *pro se*, that a corporate entity cannot appear *pro se*, *see Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983), and that continued failure to retain counsel may result in sanctions, including the entry of a default judgment. [ECF No. 86]; *see also* [ECF No. 88] at 1 n.1; [ECF No. 75] at 1; [ECF No. 69].

Months later, on October 22, 2025, the Court's review of the docket indicated that no further action had been taken by the Parties. As a result, the Court issued an Order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. [ECF No. 88]. Plaintiff timely responded, asserting that "Defendant has no intention of complying with the Court's Order granting the collective and ordering production of the collective employee list." [ECF No. 89]. In that response, Plaintiff renewed his request for sanctions in the form of "$100 per weekday from June 16, 2025 until the date that the collective list is ultimately produced." *Id.*

The Court declines at this time to impose sanctions. Plaintiff's request is DENIED without prejudice to renewal. However,

IT IS HEREBY ORDERED that at or before 4:00 PM on November 10, 2025, Defendant shall produce the previously Ordered information, [ECF Nos. 86, 82], to Plaintiff. Defendant is further directed to retain counsel to appear on its behalf on or before that same date.

Defendant is on notice that **failure to comply with this Order may result in sanctions, including monetary sanctions, the preclusion of defenses, or the entry of a default judgment.** Defendant is further warned that **continued failure to retain counsel will result in the entry of a default judgment.**

Plaintiff's counsel is directed to serve this Order, and any response, on Defendant on or before November 5, 2025.

**SO ORDERED.**

Date: November 3, 2025
New York, NY

_____
MARY KAY VYSKOCIL
United States District Judge

2